UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOSHUA CHRISTOPHER POLLARD                CIVIL ACTION

VERSUS                                    NO:   21-1964

CRAIG WEBRE, ET AL                        SECTION:   "H" (4)

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

**I.      Factual Background**

The plaintiff, Joshua Christopher Pollard ("Pollard"), is incarcerated in Lafourche Parish Correctional Complex in Thibodaux, Louisiana. Pollard filed this *pro se* and *in forma pauperis* complaint against Sheriff Craig Webre, the State of Louisiana and Bossier Parish Officers seeking monetary damages for the alleged excessive force of several unnamed officers. Pollard alleges that on September 18, 2021, he was chased by Bossier Parish Officers.

Pollard alleges that when the officers caught up with him from behind, he threw his hands up and they threw him to the ground. He alleges that even though he stopped and put his hands up, he was still elbowed three (3) times and stomped once or twice.

He does not provide any information regarding the nature of the injuries he sustained. He also does not set forth allegations about the nature of his arrest and subsequent charges flowing from the September 2021 arrest.

He alleges that as a result of the force used on him, he was sore from the injuries he sustained at the hands of the officers. He further alleges he seeks $1 million in financial compensation for police brutality, and pain and suffering. He alleges that he further seeks damages for intentional emotional harm and seeks to have the defendants pay the filing fee associated with the filing of this claim.

## II.    Standard of Review for Frivolousness

Title 28 U.S.C. § 1915A and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous.  The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle,* 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce,* 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations.  *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28.  Therefore, the Court must determine whether the plaintiff's claims are based on an

indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

### III.  Supervisory Liability

Pollard filed suit against Sheriff Webre for the arresting officers alleged excessive force during his arrest in September 2021.  He does not allege that Webre was involved in the arrest.  Thus, under the broad reading afforded to a *pro se* complainant, the Court construes Pollard's complaint as naming Sheriff Webre as a defendant because of his supervisory role over the Lafourche Parish Sheriff's Office.

It's unclear why Pollard named Sheriff Webre because he alleges that the arrest was confected by the Bossier Police and Webre is not the sheriff of Bossier Parish Sheriff's Office. Nevertheless, to the degree he has sued Webre, any claim could only have arisen as a result of his supervisory position.

However, a supervisory official cannot be held liable pursuant to § 1983 under any theory of *respondeat superior* simply because an employee or subordinate allegedly violated the plaintiff's constitutional rights. *See Alton v. Texas A&M University*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Baskin v. Parker*, 602 F.2d 1205, 1220 (5th Cir. 1979).  Moreover, a state actor may be liable under § 1983 only if he "was personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation." *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); *see also Watson v. Interstate Fire & Casualty Co.*, 611 F.2d 120 (5th Cir. 1980).

Pollard has not alleged that Sheriff Webre was in any way, personally aware of the problem that Pollard encountered on September 18, 2021.  For the foregoing reasons, the claim

against Sheriff Webre in his supervisory capacity over the Lafourche Parish Correction Complex is therefore frivolous. Furthermore, it otherwise fails to state a claim for which relief can be granted.

### A.     State of Louisiana

Pollard next named the State of Louisiana as a defendant. His claim against the State of Louisiana is deficient because it is immune from suit. Additionally, Pollard does not set forth any facts against the State that would suggest the State is a proper defendant.

"The Eleventh Amendment grants a state immunity from suit in federal court by citizens of other States, and by its own citizens as well." *Union Pac. R.R. Co. v. La. Pub. Serv. Comm'n*, 662 F.3d 336, 340 (5th Cir. 2011) (quoting *Lapides v. Bd. of Regents*, 535 U.S. 613, 616, 122 S.Ct. 1640, 152 L.Ed.2d 806 (2002)). Absent exceptions not relevant here, sovereign immunity generally bars a federal court from exercising jurisdiction over a suit against a non-consenting state. *See id* at 33.

While Pollard named the State of Louisiana as a defendant, the State has not waived its sovereign immunity. Therefore, this federal claim filed by Pollard against the State is frivolous and fails to state a claim for which relief may be granted.

### B.     Bossier Parish Officers

Pollard has sued unidentified officers with the Bossier's Sheriff's Office involved in his arrest. Because he clearly cannot pursue a lawsuit against unidentified individuals, the claims against the unidentified defendants should be dismissed as frivolous and for otherwise failing to state a claim upon which relief can be granted. *Staritz v. Valdez*, No. 3–06–CV–1926, 2007 WL 1498285, at *2 (N.D.Tex. May 21, 2007); *Banks v. United States*, Civ. Action No. 05–6853, 2007 WL 1030326, at *11 (E.D.La. Mar. 28, 2007).

The federal rules make no provision for joining fictitious or "John Doe" defendants in an action under a federal statute. *See Vollmer v. Bowles*, No. 3-96-CV-0081-D, 1997 WL 102476 at *2 (N.D.Tex. Feb. 28, 1997) (citing *Sigurdson v. Del Guercio*, 241 F.2d 480, 482 (9th Cir.1956)).

Therefore, Pollards allegations fail to state a claim for which relief may be granted and is subject to dismissal.

## IV.   Recommendation

It is **RECOMMENDED** that Pollard's § 1983 claims against Sheriff Webre, the State of Louisiana, and Bossier Parish Officers are **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to Title 28 U.S.C. §1915(e)and § 1915A and Title 42 U.S.C. § 1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this __26th__ day of __September__, 2022.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**